**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

Lyle W. Cayce
Clerk

No. 11-60197
Summary Calendar

AUDREY DENISE ROBERTSON,

Plaintiff-Appellant

v.

MINNIE COLEMAN, Lieutenant; WARDEN KEVIN JACKSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-98

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Audrey Denise Robertson, Mississippi prisoner # K9439, appeals the dismissal of her complaint against prison officials for harassment. After Robertson and the Government consented to proceeding before the magistrate judge pursuant to 28 U.S.C. § 636(c), the magistrate judge determined that Robertson failed to exhaust administrative remedies and to allege a constitutional violation. The magistrate judge dismissed her suit as frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60197

Robertson's brief describes the alleged harassment, notes that the district court did not call certain witnesses to testify, and asserts that she did not receive the defendants' motion to dismiss and was not instructed to answer it. She does not discuss whether she exhausted her claims or whether the defendants' actions amounted to a constitutional violation. She also fails to cite to the district court record.

The appellant's brief must contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which [she] relies." FED. R. APP. P. 28(a)(9)(A). Although we liberally construe pro se briefs, arguments must be briefed sufficiently to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Robertson's failure to address the magistrate judge's grounds for dismissing her claims, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [her] suit . . ., is the same as if [s]he had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the appeal is DISMISSED AS FRIVOLOUS. *See id.*; 5TH CIR. R. 42.2.

Both the dismissal of Robertson's suit in the district court and the dismissal of this appeal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Robertson is WARNED that, once she accumulates three strikes, she may not proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).